UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY ELAINE ADAMS, | |
| *Plaintiff*, | CASE NO.   15-CV-00548-BJR |
| v. | |
| | ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| *Defendant*. | |

Before the Court are Plaintiff's Objections [15] to the Report and Recommendation ("R&R") [14] of the Honorable Mary Alice Theiler, United States Magistrate Judge. Having reviewed the Complaint, the briefs of the parties, the R&R, Plaintiff's Objection, and Defendant's Response [16], the Court adopts the R&R and affirms the decision of the Commissioner.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for Social Security Disability benefits and Supplemental Security Income on September 22, 2010, alleging an onset date of her disability of July 30, 2008. A.R. 282-294. The application was denied and Plaintiff requested a hearing before an Administrative

Law Judge ("ALJ") on July 11, 2011.  A.R. 169-76, 178-82, 187-90.  After a hearing on February 2, 2012, the ALJ found that Plaintiff was not disabled.  A.R. 38-85, 232-33.  Following an appeal and remand, the ALJ held a second hearing.  A.R. 86-137; 164-68.  During the hearing Plaintiff amended the alleged onset date of her disability to October 14, 2010.  A.R. 93.  On September 27, 2013, the ALJ issued a decision finding that Plaintiff was not disabled and could perform work as an administrative clerk, a customer service representative, a telephone solicitor, a mail clerk, and a small parts assembler.  A.R.  The ALJ's September 27, 2013, decision became the final decision of the Commissioner on February 6, 2015.  *See* 20 C.F.R. §§ 404.981, 416.1481 (2015).

Plaintiff filed the instant case on April 7, 2015.  On September 23, 2015, Judge Theiler issued an R&R recommending that the decision of Commissioner be affirmed.  Plaintiff filed her Objections on October 7, 2015.

## II.     STANDARD OF REVIEW

When a party objections to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made.  *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge.  *Raddatz*, 447 U.S. at 673-74.

When reviewing the decision of an ALJ, a district court must determine whether the ALJ's decision complies with the relevant legal requirements and whether the decision is supported by substantial evidence.  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id*. (quoting *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009)).  If the ALJ's decision is supported by substantial evidence, the district court may not reverse merely because evidence exists in the record that might support a contrary outcome, or

because the court would have decided the case differently. *Molina*, 674 F.3d at 1110. Further, if the ALJ's reasoning contains an error, but the plaintiff has not shown the error to be harmful, the court may not reverse. *Id.* (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)); *See also Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

Here, Plaintiff's Objections are nearly identical to her opening brief: she argues that the ALJ (and Magistrate Judge) incorrectly weighed the medical opinion evidence, failed to properly evaluate Plaintiff's credibility, and failed to present a hypothetical that accurately describes her medical limitations. While the Court considers the issues *de novo*, the Court notes that Plaintiff's objections are not properly directed to the findings of the Magistrate Judge; merely reiterating arguments made before the Magistrate Judge without responding to the R&R does little to assist the court or Plaintiff herself.

## III.   ANALYSIS

### A.  Medical Evidence

**1. Drs. McDuffee and Dees**

Plaintiff argues that the ALJ erred by not assigning controlling weight to the opinions of Drs. McDuffee and Dees. Controlling weight is assigned to the opinions of treating physicians. As noted by the Magistrate Judge, however, Drs. McDuffee and Dees were not treating physicians but, rather, examining physicians. They examined Plaintiff on behalf of the Washington State Department of Social and Health Services ("DSHS"). *See* 20 C.F.R. § 404.1502 ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability."); *see also Andrews v. Shalala,* 53 F.3d 1035, 1042 n.3 (9th Cir. 1995) (explaining that a treating source may not be a doctor with whom

the relationship is based solely to receive a report in support of a claim for disability).  Further, the record between Plaintiff and Drs. McDuffee and Dees does not reflect any "treatment."  In fact, Plaintiff's brief describes only how Drs. Dees and McDuffee *examined* Plaintiff. [1]  There is no indication of any treatment by these doctors. *Cf. Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (an examining physician examines but does not treat the claimant). Controlling weight is not applied to examining opinions and, therefore, the ALJ did not err by not assigning controlling weight to the opinions.  To the extent that Plaintiff's remaining argument depends on Drs. McDuffee and Dees being her treating physicians, her argument fails.

Plaintiff also objects to the manner in which the ALJ weighed the opinions of Drs. McDuffee and Dees, arguing that they "provided support for their opinions."  As noted by the Magistrate Judge, however, Plaintiff does not address the actual question of whether the ALJ's ruling discounting the examining opinions of Drs. McDuffee and Dees is supported by substantial evidence.  The Court finds that the ALJ's decision was supported by substantial evidence.  The ALJ explicitly mentioned specific evidence in the record – including reports by McDuffee and Dees – in identifying what testimony she discredited and why.  A.R. 27 (finding that McDuffee's three medical opinions are "inconsistent with the evidence, including [Plaintiff's] performance on mental status exams, which showed that she was irritable, but fully oriented, with intact cognitive functioning."); *Id.* (Dee's opinions are "inconsistent with the evidence, including the claimant's performance on mental status testing, which showed that she was adequately dressed, she was

---

[1] Indeed, evidence in the record demonstrates that Dr. McDuffee checked a box indicating Plaintiff was not eligible to receive treatment from her agency. A.R. 413, 790.  In response to another question asking whether Plaintiff was receiving mental health services from her agency, Dr. McDuffee checked "No." A.R. 790.

4

alert, friendly, and cooperative, and she recalled two out of three objects after a five-minute delay, which suggested a mildly impaired ability to learn.").

**2. Drs. Basnett and Disney**

Plaintiff next argues that the ALJ failed to appropriately weight the opinions of treating psychiatrist Dr. Basnett and treating physician[2] Dr. Disney. An ALJ may reject the opinion of a treating physician by providing clear and convincing reasons supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d at 830-31.

The ALJ discounted the opinions of Drs. Basnett and Disney after comparing them with the clinical evidence in the record. Specifically, the ALJ discounted their opinions because Plaintiff's symptoms improved with medication, and because evidence demonstrated Plaintiff's continued ability to work. The ALJ cited medical evidence supporting this conclusion. Plaintiff's sleep, nightmares, and plantar fasciitis improved with medication, and when Plaintiff took her medication, her depression improved. A.R. 24-25. The ALJ also pointed to Dr. Basnett's note that Plaintiff found her antidepressant regiment and therapy beneficial. While Plaintiff objects that the opinions of Drs. Basnett and Disney were properly supported, she fails to rebut the substantial evidence relied upon by the ALJ. Because the ALJ's discounting of the opinions of Drs. Basnett and Disney was for clear and convincing reasons that are supported by substantial evidence in the record, Plaintiff's objections fail.

**3. Mr. Arnold and Ms. Reed**

Plaintiff next argues that the Magistrate Judge and ALJ erred in discounting the medical opinions of therapists Mr. Arnold and Ms. Reed, and that the Magistrate Judge and ALJ failed to

---

[2] Plaintiff states that Dr. Disney is a psychiatrist. Pl.'s Objections, Docket No. 15 at 4. As correctly identified by the Magistrate Judge, Dr. Disney is a family medicine physician. A.R. 1089-96.

discuss all the factors relevant to "other source" opinions as required by the Commissioner's regulations. Plaintiff's objections fail to address any of the points made in the R&R and simply reiterate Plaintiff's arguments in her opening brief. This alone is fatal to Plaintiff's objections. *See United States v. Reeves*, 2015 WL 273597, at *5 (D. Nev. Jan. 21, 2015) (noting that an objecting party's failure to actually address the R&R is treated simply as a failure to file objections).

Nevertheless, to respond to Plaintiff's objections: the ALJ gave "little weight" to the opinions of Mr. Arnold and Ms. Reed, finding that they conflicted with medical evidence and Plaintiff's testimony. Opinions from "'other sources' cannot establish the existence of a medically determinable impairment." Soc. Sec. Ruling 06-03p, 2006 SSR LEXIS 5, at *5. Nevertheless, when an ALJ rules on whether a plaintiff is disabled, they consider all relevant evidence in the record. *Id.* When considering the opinions of "other sources" the factors in 20 C.F.R. § 404.1527(d) and 416.927(d) do not explicitly apply, but "these same factors *can* be applied . . . ." *Id.* at *11. If the ALJ wishes to discount the testimony of an "other source," the ALJ must give relevant reasons for discounting the testimony. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1051 (9th Cir. 2006).

The ALJ considered the opinions of Arnold and Reed and provided germane reasons for discounting the testimony. *See* A.R. 28 (Reed's opinion is "inconsistent with the evidence, including [Plaintiff]'s presentation on mental status exam, which showed that she was polite, cooperative, and recalled two out of three words at five minutes" and "conflicts with [Plaintiff]'s statements that she has two friends with whom she interacts daily, and that she attends church and visits the apartment office to sign onto Facebook to interact with family."); A.R. 27-28 (Arnold's opinion "conflict[s] with the evidence, including [Plaintiff]'s performance on mental status exam,

which showed that she was cooperative, friendly, and polite [,]" and "conflict[s] with [Plaintiff]'s testimony that she does continue to use alcohol and marijuana but that she is able to help her daughter by caring for her grandchildren."). Plaintiff's objections are not persuasive.

### 4. Dr. Ankuta

Finally, Plaintiff asserts that the Magistrate Judge inaccurately represented Plaintiff's argument that the ALJ had "cherry-picked" findings from the report of Dr. Ankuta. Plaintiff does not actually address the Magistrate Judge's finding that the ALJ accounted for Dr. Ankuta's opinion in the Residual Functional Capacity ("RFC") assessment. Further, this "cherry-picking argument" was not in Plaintiff's opening brief. Accordingly, Plaintiff's objection fails.

### B. Credibility

Plaintiff argues that the Magistrate Judge erroneously concluded that the ALJ appropriately evaluated Plaintiff's credibility. The Magistrate Judge, in the R&R. made the following findings:

(1) That the ALJ's finding that Plaintiff's volunteer activities damaged her credibility because they were inconsistent with certain aspects of her testimony was appropriate;

(2) That the ALJ properly discounted Plaintiff's credibility based on a finding that Plaintiff did not accurately report her use of drugs and alcohol; and

(3) That the ALJ properly discounted Plaintiff's credibility based on Plaintiff's receipt of unemployment benefits, and her application and interviewing for jobs during the period that she asserted she was disabled.

Rather than addressing the points in the R&R, Plaintiff's objections simply reiterate the arguments made in her opening brief and are not specifically addressed to the R&R. The Court has reviewed the findings of the Magistrate Judge *de novo* and adopts them in full. Plaintiff's objections fail.

## C. Vocational Expert Testimony

Finally, Plaintiff argues that both the Magistrate Judge and the ALJ erred in not including "moderate restriction in concentration, persistence, or pace" in the hypothetical poses to the Vocational Expert in the RFC.

A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step process). At step three the ALJ determines whether a plaintiff's condition "meets or equals one of the listed impairments." *Id.* at 141. If a plaintiff's condition does not meet or equal one of the listed impairments, but the impairment is still severe, the plaintiff's condition is evaluated further at steps four and five. *Id.* At step four the ALJ determines an applicant's RFC. The RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Brown v. Astrue*, 405 F. App'x 230, 233 (9th Cir. 2010) (quoting Soc. Sec. Ruling 96-8p, 1996 SSR LEXIS). The limitations the ALJ identifies in step three are separate from the RFC assessed in step four. At step four, if the plaintiff shows that he or she is unable to return to her previous job, the burden shifts to the Commission to show that the plaintiff is able to do other types of work that exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

The Administration can satisfy its burden to show the claimant can do other work that exists in the national economy by posing hypothetical questions to a vocational expert ("VE") that accurately described the claimant's medical limitations. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). When the ALJ poses a hypothetical question to a VE, the question must "include all of the claimant's functional limitations, both physical and mental." *Brink v. Comm'r Soc. Sec.*

*Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (quoting *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)).

Here, at step three the ALJ found, with regard to "concentration, persistence, or pace," that Plaintiff has "moderate difficulties." A.R. 22. When the ALJ posed a hypothetical to the VE the ALJ stated that Plaintiff "has sufficient concentration to understand, remember and carry out simple, repetitive tasks, as well as complex tasks of the kind found in work with SVPs up to four." A.R. 124. Plaintiff argues that this hypothetical does not accurately reflect a moderate restriction in concentration, persistence, or pace. Plaintiff relies on *Brinks*, in which the court reversed the Commissioner when the ALJ's hypothetical did not include any reference to the plaintiff's moderate limitations in concentration, and instead "reference only 'simple, repetitive work,' without including limitations on concentration . . . ." 343 F. App'x at 212.

*Brinks* is inapposite. Here, the ALJ included Plaintiff's limitations in concentration in the hypothetical question. As noted above, the ALJ stated that Plaintiff had "sufficient *concentration* to understand, remember and carry out simply, repetitive tasks . . . ." A.R. 124 (emphasis added). Accordingly, the ALJ's assessment was "consistent with the restrictions identified in the medical testimony." *Brinks*, 343 F. App'x at 212 (quoting *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

Other than focusing on the holding in *Brinks*, Plaintiff provides no support, such as medical evidence, for her argument that the ALJ's hypothetical "do[es] not accurately reflect a moderate restriction" in Plaintiff's concentration, persistence, or pace. Pl.'s Objections at 9. Accordingly, this objection fails.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The Court ADOPTS the Report and Recommendation in full;

(2) The Court AFFIRMS the decision of the Commissioner;

(3) Plaintiff's Complaint is DISMISSED;

(4) The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendant, and to Judge Theiler.

**IT IS SO ORDERED.**

DATED this 18th day of December, 2015.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE